IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK CHAUMP and ERIN CHAUMP, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: N19C-03-290 CEB |
| BUCK SIMPERS ARCHITECT + ASSOCIATES, INC., A Delaware Corporation | ) ) ) ) | |
| Defendant. | ) ) | |

Submitted: December 20, 2019
Decided: April 14, 2020

*On Defendant's Motion to Dismiss*
**DENIED.**

**ORDER**

This 14th day of April 2020, the Court makes the following findings in denying the motion of Buck Simpers Architect + Associates, Inc., ("Defendant") to dismiss the Complaint.

1.    Mark and Erin Chaump ("Plaintiffs") hired Defendant to design and construct renovations to their house on Second Street in Old New Castle. Among the renovations was an extension on the back of the house, including a porch. The Complaint alleges that Defendant represented that it would ensure that the design and build would not interfere with existing zoning requirements.

2. The zoning requirements turned out to be a major problem. The problem was – and still is – that at the back of the Plaintiffs' property there is a 20-foot right of way owned by the City and beyond that an unimproved lot, also owned by the Plaintiffs. The changing legal ownership is not readily visible to the naked eye as the backyard appears to be an expanse extending to a road even further back. The town, realizing mid-construction that the new porch encroached on a 25 foot setback requirement for all rights of way, issued a stop work order. The Plaintiffs felt they had no choice but to seek a zoning variance from the New Castle City Board of Adjustment ("Board") to permit the unintended encroachment into the right of way. The Board, however, saw it differently and denied the requested variance. The Plaintiffs were now stuck with a stop work order, a non-conforming porch and a denied variance request.

3. The Plaintiffs appealed the Board's denial of a zoning variance to the Superior Court, but abandoned that appeal before the issue was fully briefed. Instead, the Plaintiffs sought, and received, an opinion from the town's "Building Official" that the right of way in their backyard was actually a "street." And since it was a street, the argument went, it had no setback requirement at all. Therefore, the Plaintiffs were free to build not only within 25 feet, but all the way out to the property line abutting the "street."

4.      This turn of events, while helpful to the fate of the partly constructed – and arguably non-complying – porch, did nothing to endear the Plaintiffs to their next-door neighbors, the Colburns, who felt the new, deeper back porch would interfere with their "viewscape" across the Strand and to the Delaware River. The Colburns appealed the opinion of the Building Official to the town zoning Board – the same Board that had previously denied the Plaintiffs a zoning variance to build the porch. This time the Board sided with the Building Official that the right of way was really a street and the encroaching porch was not encroaching after all, a happy ending for all. Except the Colburns.

5.      The Colburns took their complaint to this Court by appealing the ruling of the Board. This Court reversed the holding of the Board, but the basis for the reversal was not a conclusive finding whether the subject strip of land was a "street" or a "right of way." Rather, the reversal questioned the procedural process of how the case got to the Courthouse at all.[1] So, if the parties in this matter were expecting the Court to resolve the street/right of way controversy in the backyards of the houses on Second Street in Old New Castle, they were surely disappointed.

6.      Plaintiffs allege in their Complaint that the contract with Defendant required Defendant to perform survey work and architectural planning that would

---

[1] *Colburn v. Bd. Of Adjustment of the City of New Castle et al.,* C.A. No. N18A-04-007, (Del. Super. October 8, 2019).

3

produce a renovation that did not run afoul of the City's zoning laws. In light of the City's stop work order, Plaintiffs were required to alter the architectural plans and indeed, rework portions of the renovation that had already been built in order to meet the setback requirement. Thus Plaintiffs allege they suffered financial damage as a result of Defendant's failures to properly identify and plan for the city's right of way in the Plaintiffs' back yard.

7. In a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6) the Court accepts all factual allegations as true in a light most favorable to the plaintiff.[2] If it is possible for the plaintiff to recover under *any* reasonable set of circumstances presented from the complaint, the motion must be denied.[3]

8. The Defendant's motion argues that the Complaint lacks "justiciability." Because the street/alley controversy was not resolved by the Court in the *Colburn* litigation, and the last word on the subject is that of the Building Inspector's opinion that it is a "street," that finding is the final word on the subject and there is therefore no controversy before the Court.

9. But the fact that the *Colburn* dispute lacked justiciability does not mean this one does. The dispute here is a simple breach of contract action. The fact that the alley/street dispute remains unresolved does not mean Defendant is immune

---

[2] *Williams v. Newark Country Club,* 2016 WL 6781221, at *1 (Del. Super. November 2, 2016).
[3] *Spence v. Funk,* 396 A.2d 967, 968 (Del. 1978)

4

from liability for breach of contract. Plaintiffs' claim rests on the fact that Defendant did not account for the setback requirement; the town of New Castle interrupted the project, which propelled the parties into litigation, and ultimately resulted in an amended building scheme that complied with the 25-foot setback. The Defendant's design did not account for the setback and it was the Defendant's design that gave rise to the problems.

10. The question at the heart of this lawsuit is which party assumed the responsibility for ensuring that the design and building plan did not interfere with any setback requirements of the zoning laws. Plaintiffs have alleged it was the Defendant's duty to do so. It is not clear that Defendant considered the question whether the right of way would require a setback requirement or not. Assuming Plaintiffs can prove up a contractual duty on the part of Defendant, then the failure to do so would arguably constitute a breach of the contract. Even if we accept the somewhat dubious proposition that the Building Official's opinion that the alley is a "street" and not a "right of way," is the final word on the subject, the fact is that the Plaintiffs suffered financial damage getting their improvements completed in the face of a controversy that, they argue, should never have happened.

11. Certainly other questions remain in addition to the issues of contract terms and breach. But it is enough here to conclude that Defendant's argument of non-justiciability is not well taken. We can accept that the right of way will remain

5

controversial and still find that Defendant breached its contract with Plaintiffs. Plaintiffs have alleged that they had to apply for a zoning variance, seek the opinion of the Building Official and eventually consent to a design within the setback that was not the original design, all at costs to the Plaintiffs that a jury may find are recoverable from Defendant.

12. At this early stage of the dispute, the Court finds that discovery should commence and Plaintiffs will be permitted to determine whether they can make their case. Defendant's motion to dismiss is therefore **DENIED**.

**IT IS SO ORDERED.**

Judge Charles E. Butler